IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02978-BNB

NICKY L. SMITH,

    Plaintiff,

v.

SGT. WERTH,
CAPTAIN MIASHARIA,
MRS. MICHELLE RUSSOM,
SERGEANT NELSON, and
UNNAMED SHIFT COMMANDER ON DUTY 10:30 p.m. 10-26-12,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Nicky L. Smith, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Smith has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights were violated when he was incarcerated at the Sterling Correctional Facility. He seeks damages as relief.

The court must construe the Prisoner Complaint liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient.  First, Mr. Smith fails to provide an address for each Defendant.  He must provide a complete address for each named Defendant so that each Defendant properly may be served.

The Court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Smith asserts three claims for relief in the Prisoner Complaint, but he fails to provide a short and plain statement of each claim showing he is entitled to relief.  For example, Mr. Smith identifies his first claim as a claim of "Deliberate Indifference (Denial

of Food)," and he alleges in support of this claim that he was denied lunch on August 3, 2012, when he refused to walk around a 1/4 mile track. (*See* ECF No. 1 at 4.) It appears that Mr. Smith's first claim is an Eighth Amendment claim premised on the denial of lunch on August 3, 2012, asserted against Sgt. Werth and Captain Miasharia. However, Mr. Smith also alleges in support of his first claim that he "did 16 days in the hole and lost 20 days good time" (*id.*), apparently as a result of a prison disciplinary conviction for disobeying a lawful order. It is not clear how this allegation relates to the Eighth Amendment denial of food claim or whether Mr. Smith may intend to assert some other claim relevant to the disciplinary conviction.

Mr. Smith identifies his second claim, which appears to be an Eighth Amendment claim asserted against mental health interviewer Michelle Russom, as "Deliberate Ind[i]ff[er]ence Violation of Confidentiality Contract." (ECF No. 1 at 5.) Mr. Smith alleges in support of his second claim that Defendant Russom interviewed him for approximately fifty-five minutes on August 10, 2012, regarding ongoing issues about which Mr. Smith was concerned and that Defendant Russom wrote statements to a hearing officer revealing details of her confidential session with Mr. Smith that subjected him to "Hole Time and Loss of Good Time." (*Id.*) These allegations will not support an Eighth Amendment claim against Defendant Russom because Mr. Smith fails to allege facts that demonstrate Defendant Russom acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994).

Mr. Smith identifies his third claim as "Deliberate Indifference Retaliation for filing Grievance" (ECF No. 1 at 6), and he alleges in support of his third claim that he was removed from population on or about October 26, 2012, after he filed a step II

grievance. Mr. Smith asserts that he "was in the hole for 13 days and 30 days good time was taken." (*Id.*) Mr. Smith also asserts that "[a]fter a conference with the associate warden, C.O.P.D. conviction Case NO. 13-0788 was expunged and Good time was restored." (*Id.*) Construing the Prisoner Complaint liberally, it appears that Mr. Smith's third claim is a constitutional retaliation claim. However, Mr. Smith fails to allege specific facts to support an arguable retaliation claim with respect to his placement in the hole. *See Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (discussing elements of a constitutional retaliation claim).

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Smith must clarify the claims he is asserting in this action and he will be given an opportunity to file an amended complaint to do so. For each claim he asserts in the amended complaint, Mr. Smith must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly, it is

ORDERED that Mr. Smith file, **within thirty (30) days from the date of this**

**order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order. It is

FURTHER ORDERED that Mr. Smith shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](http://www.cod.uscourts.gov). It is

FURTHER ORDERED that, if Mr. Smith fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 2, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge