IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02978-BNB

NICKY SMITH,

    Plaintiff,

v.

SGT. WERTH,
CAPTAIN MIASHIARIA,
MICHELL RUSSOM,
SGT. NELSON, and
UNNAMED SHIFT COMMANDER 10-26-12 10 p.m.,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Nicky Smith, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Complex in Buena Vista, Colorado. Mr. Smith has filed *pro se* an amended Prisoner Complaint (ECF No. 8) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He seeks damages as relief.

    The Court must construe the amended Prisoner Complaint liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Smith's claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous.

Mr. Smith asserts three claims for relief in the amended Prisoner Complaint. The Court will address in this order only the first claim for relief, which is asserted against Sergeant Werth and Captain Miashiaria. Mr. Smith alleges in his first claim that he was denied lunch on August 3, 2012, and convicted of the prison disciplinary offense of disobeying a lawful order when he refused to walk around a 1/4 mile track prior to being allowed to eat lunch. Mr. Smith contends that the denial of lunch subjected him to cruel and unusual punishment and that the disciplinary conviction violates due process because the order to walk around the track was unlawful. Mr. Smith alleges that he received sixteen days in segregation and lost twenty days of good time as a result of the disciplinary conviction.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including

adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Smith must allege that prison officials were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Smith must demonstrate both that the injury he suffered was sufficiently serious and that prison officials acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

Although adequate food clearly is protected by the Eighth Amendment, Mr. Smith's contention that he was subjected to cruel and unusual punishment when he was denied lunch on one occasion does not rise to the level of a constitutional violation because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Therefore, the Eighth Amendment component of Mr. Smith's first claim is legally frivolous and must be dismissed.

The due process component of Mr. Smith's first claim in the amended Prisoner Complaint also lacks merit. As noted above, the due process component of Mr. Smith's first claim is premised on his allegation that he was falsely accused and convicted of the prison disciplinary offense of disobeying a lawful order for refusing to walk around a 1/4 mile track prior to being allowed to eat lunch on August 3, 2012. According to Mr. Smith, he was sanctioned with sixteen days in segregation and the loss of twenty days of good time credits. Mr. Smith specifically argues that he was denied due process

because the order he refused to obey was unlawful.

The due process component of Mr. Smith's first claim lacks merit because Mr. Smith may not challenge the validity of a prison disciplinary conviction for which he lost good time credits in an action pursuant to 42 U.S.C. § 1983 unless the disciplinary conviction has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  Although Mr. Smith is not challenging a conviction or sentence, the Supreme Court has applied the rule in *Heck* to a prison inmate's claims challenging disciplinary proceedings resulting in a loss of good time credits.  *See Edwards v. Balisok*, 520 U.S. 641 (1997).  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that the due process component of Mr. Smith's first claim implicates the validity of a prison disciplinary conviction that allegedly resulted in a loss of good time credits.  Furthermore, Mr. Smith does not allege that he has invalidated the prison disciplinary conviction for disobeying a lawful order.  Therefore, the Court finds that the

due process component of Mr. Smith's first claim is barred by the rule in *Heck* and must be dismissed as legally frivolous.

Because claim one is the only claim Mr. Smith asserts against Sergeant Werth and Captain Miashiaria, they will be dismissed as parties to this action. The Court will not address at this time the merits of Mr. Smith's other claims in the amended Prisoner Complaint. Instead, the action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that the first claim for relief in the amended Prisoner Complaint (ECF No. 8) is dismissed as legally frivolous. It is

FURTHER ORDERED that Defendants Sgt. Werth and Captain Miashiaria are dismissed as parties to this action because the only claim asserted against them is legally frivolous. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  21st  day of    January         , 2014.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court