IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-02978-RBJ-CBS

NICKY SMITH,

    Plaintiff,

v.

MICHELL RUSSOM,
SGT NELSON, and
JOSEPH HALLIGAN (*UNNAMED SHIFT COMMANDER ON DUTY 10:00 PM 10/26/12*)

    Defendants.

## ORDER

This matter is before the Court on the November 4, 2014 Recommendation [ECF No. 48] of Magistrate Judge Craig B. Shaffer that the Court grant in part and deny in part the defendants' motion to dismiss [ECF No. 28]. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## BACKGROUND

A detailed summary of the procedural and factual background of this case was provided in the Recommendation. As a brief overview, Plaintiff Nicky Smith is an inmate at the Arkansas Valley Correctional Facility ("AVCF") in Ordway, Colorado. Mr. Smith filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming violations of his Eighth Amendment right against cruel and unusual punishment, Fourteenth Amendment right to privacy and due process, and First

Amendment right to access the courts and against retaliatory conduct.  The defendants moved to dismiss all of the claims.  Upon a thorough review, Judge Shaffer recommended the dismissal of all of the claims except for one: the First Amendment retaliation claim against Defendants Nelson and Halligan.

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation.  [ECF No. 48 at 18–19.]  The defendants filed a timely objection to the portion of the Recommendation maintaining the First Amendment retaliation claim [ECF No. 49].  The plaintiff did not file an objection.  Upon de novo review, the Court finds that the First Amendment retaliation claim should have been dismissed along with the other causes of action.  On clear error review, the Court affirms and adopts the dismissal of the remaining claims.

## STANDARD OF REVIEW

Following the issuance of a magistrate judge's recommendation on a dispositive matter, the district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions."  *Id.*  "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

Because Mr. Smith is appearing pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, the Court may not act as the advocate of the *pro se* litigant, nor should it "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## ANALYSIS

In response to the defendants' timely filed objection, the Court determines de novo whether the First Amendment retaliation claim warrants dismissal. For the following reasons, the Court finds that it does.

In his Amended Complaint, Mr. Smith alleges that on or about October 26, 2012 he wrote a grievance to his case manager, which he placed in a facility mailbox. [ECF No. 8 ¶ 3]. The grievance stated, in part:

> That's why the police got killed at AVCF: if an inmate can't address his mental health issues to a professional in a clinical setting without being subject to punishments for his thoughts you are building many potential "powder kegs."

[ECF No. 28-1].[1]

Sergeant Nelson retrieved the grievance from the mailbox and after reading its contents placed handcuffs on Mr. Smith and took him to see Shift Commander Halligan. Am. Compl.

---

[1] "[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[ECF No. 8] ¶ 3. Mr. Smith was immediately removed from the general population and placed in segregation for approximately two weeks. *Id.* According to the Disposition of Charges, Mr. Smith had been charged under the Code of Penal Discipline ("COPD") with a Class II, Rule 16 violation: Advocating or Creating Facility Disruption. *Id.* at 10.[2] Mr. Smith admits that he was "convicted of advocating a facility disruption," but he contends that the defendants acted in retaliation in violation of the First Amendment. *Id.* ¶ 3.

"[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citations omitted). To establish a claim of retaliation for exercising one's First Amendment rights, the plaintiff must show that: (1) the plaintiff was engaged in a constitutionally protected activity; (2) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the activity; and (3) the plaintiff's exercise of the constitutionally protected activity substantially motivated the defendant's adverse action. *Van Deelen v. Johnson*, 497 F.3d 1151, 1155–56 (10th Cir. 2007). However, "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "[A]n inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Id.* Therefore, an inmate "must prove that 'but for' the retaliatory motive,

---

[2] Mr. Smith attaches the Disposition of Charges to the Amended Complaint. As such, the Court considers the document to be part of the pleadings. The page number refers to the number appearing at the top of the page generated by the electronic filing system.

4

the incidents to which he refers, including the disciplinary action, would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990) (citation omitted).

Mr. Smith's complaint proves the opposite. He admits, both in the written allegation and through the attachment of the Disposition of Charges, that he was disciplined for violating one of the prison's rules. In particular, he used threatening language that jail officials understood as advocating a facility disruption. The officials conducted a formal hearing in which Mr. Smith was found guilty of committing the violation. *See* Disposition of Charges [ECF No. 8 at 10]. As punishment he was subjected to thirteen days of punitive segregation and a loss of twenty days of Good Time credit. *See id.* As noted above, Mr. Smith is not inoculated from the normal conditions of confinement – including the requirement that he refrain from committing disciplinary infractions – merely because he has engaged in protected activity. And by his own admission, Mr. Smith cannot prove that "but for" a retaliatory motive the disciplinary action would not have taken place.

Furthermore, this claim is barred because Mr. Smith has not directly challenged his COPD conviction. "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote and internal citation omitted). If "a judgment in favor of the plaintiff would necessarily imply the invalidity

of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Judge Shaffer found that other claims of Mr. Smith were barred because they acted as a collateral attack of a separate COPD conviction, one for sexual harassment. *See* Recommendation [ECF No. 48] at 9, 14. The same is true here. Mr. Smith was found guilty of advocating a facility disruption in violation of prison rules. A finding that he had a First Amendment right to advocate such disruption would render the conviction invalid. As such, his § 1983 claim alleging a deprivation of his First Amendment rights serves as a collateral attack of the conviction, which is barred under *Heck*.

## ORDER

Accordingly, it is ORDERED that the Recommendation of the United States Magistrate Judge [ECF No. 48] is ACCEPTED and ADOPTED IN PART. It is further ORDERED that Defendants' motion to dismiss [ECF No. 28] is GRANTED. Judgment will enter in favor of the defendants dismissing this civil action with prejudice. As the prevailing parties defendants are awarded their costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1, if they wish to file a bill of costs.

DATED this 1st day of December, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge